# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MAY 1996 SESSION



FILED

June 10, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9511-CR-00353 |
| Appellee, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable Carolyn Wade Blackett, Judge |
| | ) |
| **LEONARD A. FOX,** | ) (Simple Assault; Reckless Endangerment) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

James V. Ball
Attorney at Law
217 Exchange Avenue
Memphis, TN 38105

Joseph S. Ozment
Attorney at Law
217 Exchange Avenue
Memphis, TN 38105

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

John R. Collier
Assistant Attorney General
Financial Division
500 Charlotte Avenue
Nashville, TN 37243-0496

John W. Pierotti
District Attorney General

Rhea Clift
Asst. Dist. Attorney General
201 Poplar Avenue, Third Floor
Memphis, TN 38103

OPINION FILED: _____

**VACATED AND DISMISSED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Leonard A. Fox, was convicted of simple assault and reckless endangerment. He was sentenced to 11 months 29 days for assault and three years for reckless endangerment. His sentences were ordered to run concurrently. On appeal, he argues: (1) the evidence was insufficient to sustain a conviction for assault, and (2) the evidence was insufficient to sustain a conviction for reckless endangerment. The state concedes his first issue. As to the appellant's remaining issue, we find the evidence insufficient to sustain a conviction for reckless endangerment. We vacate and dismiss.

## FACTS

The appellant's indictment on the charge of reckless endangerment read as follows:

> . . . did unlawfully and recklessly, by use of a deadly weapon, to wit: a pistol, engage in conduct which placed other persons, whose identities are to the Grand Jurors aforesaid unknown, in imminent danger of death or serious bodily injury. . . .

The indictment stemmed from the appellant's acts of discharging a pistol into the air or up into a tree.[1] There was no testimony that anyone was either in the tree being fired upon or outside the apartment building in the immediate vicinity of the appellant.

## ANALYSIS

Reckless endangerment is proscribed in Tenn. Code Ann. § 39-13-103 (1991 Repl.). The statute provides that:

> (a) A person commits an offense who recklessly engages in conduct which places or may place another person in imminent danger of death or serious bodily injury.

---

[1] Witnesses informed the police that they saw the appellant "shooting in the air."

(b) Reckless endangerment is a Class A misdemeanor; however, reckless endangerment committed with a deadly weapon is a Class E felony.

Tenn. Code Ann. § 39-13-103. Accordingly, reckless endangerment is couched in terms of risk to another person produced by one's conduct. This Court has previously recognized the potentially "absurd" and "unreasonable" results that may arise from permitting prosecution of one discharging "a weapon under <u>any</u> circumstances where <u>any</u> other human being <u>might</u> <u>possibly</u> <u>be</u> present or where a stray bullet <u>might</u> <u>possibly</u> strike another person." <u>State v. Culbertson</u>, No. 03C01-9412-CR-00449, slip op. at 2 (Tenn. Crim. App. Aug. 30, 1995).

We find the appellant's mere discharge of a weapon into the air or up into a tree top did not "place another person in imminent danger of death or serious bodily injury." Merely discharging a gun, standing alone, is not sufficient to constitute commission of reckless endangerment. <u>See</u> <u>People v. Richardson</u>, 97 A.2d 693 (N. J. Super. Ct. App. Div. 1953) (holding discharge of gun into air does not constitute reckless endangerment). The discharge must create an imminent risk of death or serious bodily injury to some person or class of persons. The state's proof has fallen short of this requirement. The judgment of the trial court is, therefore, reversed.

The judgments of conviction as to both indictments are vacated and dismissed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge


_____
PAUL R. SUMMERS, Special Judge