# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## JUNE 1999 SESSION

FILED

July 30, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. # 03C01-9807-CR-00227 |
| Appellee, | * | Knox County |
| VS. | * | Honorable Richard Baumgartner, Judge |
| **STEVEN WILLARD SELF,** | * | (Reckless Endangerment, Intentional Killing of an Animal) |
| Appellant. | * | |

FOR THE APPELLANT:

MARK E. STEPHENS
District Public Defender
1209 Euclid Avenue
Knoxville, TN 37921

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

RANDALL EUGENE NICHOLS
District Attorney General

TRACI SCUDDER
Special Assistant Attorney General
MARSHA SELECMAN
Assistant District Attorney General
P.O. Box 1468
Knoxville, TN 37901

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

Following a bench trial, the defendant, Stephen Willard Self, was convicted of misdemeanor reckless endangerment and intentionally killing an animal valued at less that $500. The defendant appeals, arguing that the evidence at trial was insufficient to support conviction of either offense. We AFFIRM the judgment of the trial court.

## BACKGROUND

The factual basis of the defendant's convictions was his shooting a dog owned by Patricia Ann Crouch. Ms. Crouch testified that her son let the family's pet Mastiff out of her home and that, despite her searching, she was unable to locate it. Later that night, Ms. Crouch heard the dog bark in front of her home. She testified that she opened the front door and stepped onto the front porch to get the dog, which was standing in her front yard about fifteen to twenty feet away. While she stood there, she heard a shot from across the street and saw the dog fall; the dog died a few minutes thereafter.

Ms. Crouch called 911, and Officers Douglas Ray Stiles and Lee Shaw responded. Officer Stiles testified that he questioned the defendant, who lived directly across the street from Ms. Crouch, and that he initially denied any knowledge of the shooting. On further questioning, the defendant admitted shooting the dog. However, his version of events differed significantly from the testimony of Ms. Crouch.

According to the defendant, on the night of the shooting his wife and child were returning to the defendant's home when the dog trapped them on the defendant's porch, barking and growling at them. The defendant stated that, in response to his wife's screams, he grabbed his gun and ran out outside. He testified he shot the dog only after it lunged at his wife and child. According to

the defendant, after being shot the dog ran across the street and died where investigators found it on Ms. Crouch's property. Because investigators found the dog's blood only on Ms. Crouch's property, where she said it had been shot, the defendant produced expert testimony that bullet wounds do not necessarily cause immediate external bleeding in dogs and that a dog can run some distance after being shot without leaving a blood trail.

**ANALYSIS**

The defendant asserts that the evidence at trial was insufficient to support his convictions. When a defendant challenges the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). The appellee is entitled to the strongest legitimate view of the evidence and to all reasonable inferences that may be drawn therefrom. See State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

The credibility of witnesses, the weight of their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the trier of fact. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Gentry, 881 S.W.2d 1, 3 (Tenn. Crim. App. 1993). A verdict for the state accredits the testimony of the state's witnesses and resolves all conflicts in favor of the state. See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Moreover, a guilty verdict removes the presumption of innocence enjoyed by defendants at trial and replaces it with a presumption of guilt. See State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Thus, an appellant challenging the sufficiency of the evidence carries the burden of illustrating to this Court why the

evidence is insufficient to support the verdict.  See State v. Freeman, 943 S.W.2d 25, 29 (Tenn. Crim. App. 1996).

Regarding his conviction for the intentional killing of an animal, the defendant argues that his evidence to the contrary precludes the trial court's finding beyond a reasonable doubt that he shot the dog while it was in its owner's yard.  This argument is without merit.  As the trier of fact, the trial court was entitled to discredit the defendant's testimony and credit that of the state's witnesses.  The testimony of Ms. Crouch, if credited, was sufficient to establish each element of the offense.  See Tenn. Code Ann. § 39-14-205.

As for his reckless endangerment conviction, the defendant argues that even on the trial court's finding that he shot the dog while it was in Ms. Crouch's yard and within fifteen to twenty feet of where Ms. Crouch stood, his single shot did not create "an imminent risk of death or serious bodily injury" to Ms. Crouch. Tenn. Code Ann. § 39-13-103.   In support of his position, the defendant cites State v. Fox, 947 S.W.2d 865 (Tenn. Crim. App. 1996), and State v. Culbertson, No. 03C01-9412-CR-00449 (Tenn. Crim. App. filed Aug. 30, 1995, at Knoxville). The defendant in Fox fired a gun in the air or up into a tree and the defendant in Culbertson shot into the ceiling of a house.  In each case, a panel of this Court found that the defendant was not guilty of reckless endangerment.  Unlike the present case, however, there was no proof in either Fox or Culbertson of any potential victim in the vicinity of the defendants' shots who would have been subject to imminent risk of death or serious bodily injury.  In the present case, the defendant shot, at night and from across the street, into Ms. Crouch's yard while she stood only fifteen to twenty feet from his target.  On these facts, we have no pause in agreeing with the trial judge that the defendant's conduct created "an imminent risk of death or serious bodily injury" to Ms. Crouch.

-4-

**CONCLUSION**

We find no error and AFFIRM the judgment of the trial court.

-5-

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
DAVID G. HAYES, Judge