UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4939

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE K. PARSONS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  David A. Faber, Chief District Judge.  (CR-04-118)

Submitted:  March 30, 2005           Decided:  May 9, 2005

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Michael L. Desautels, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Willie K. Parsons pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2)(2000). He appeals his twenty-four month sentence, contending that the district court erred in finding that he used the firearm in connection with another felony offense and enhancing his sentence accordingly. See U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2000). We affirm the conviction and uphold the district court's finding that Parsons used the firearm during the felony of wanton endangerment. However, we vacate the sentence and remand for resentencing consistent with United States v. Booker, 125 S. Ct. 738 (2005).

Parsons and his girlfriend, Cathy Eagle, had a prolonged argument that resulted in Eagle leaving their mobile home and getting into her truck parked next to the home. An intoxicated Parsons followed Eagle and slashed her tires, causing them to flatten and prompting Eagle to leave her truck and go inside the mobile home next door that belonged to her son. Parsons went back into his mobile home and retrieved a 30-30 high powered rifle. Standing on his front porch, Parsons fired two shots into the truck, striking the rear quarter panel and the gas tank, causing a large gasoline leak. The truck was parked in close proximity to several homes when Parsons fired the shots, but no people were

outside.  Eagle and her son stood in the doorway of the son's mobile home and watched Parsons shoot her truck.

West Virginia charged Parsons with wanton endangerment in violation of W. Va. Code Ann. § 61-7-12 (Michie 2000), but dropped the charge in favor of federal prosecution.  Parsons pled guilty to possession of a firearm by a convicted felon.  The probation officer recommended a four-level enhancement under USSG § 2K2.1(b)(5) for use of a firearm in connection with another felony, that of wanton endangerment under W. Va. Code Ann. § 61-7-12.  Parsons objected, arguing that no substantial risk existed to any specific person because nobody was outside when he fired the rifle.  The district court found the enhancement warranted because firing a rifle in a densely populated residential area created a substantial risk of death or serious bodily injury to people in the area, whether or not Parsons was shooting at any particular person, and sentenced him to twenty-four months imprisonment and three years of supervised release.  The court overruled Parson's objection that his sentence violated <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), because it was based on judge-found facts. Parsons timely appeals.

The district court's determination that Parsons' conduct amounted to wanton endangerment under W. Va. Code Ann. § 61-7-12 is a legal one that we review de novo.  <u>United States v. Daughtrey</u>, 874 F.2d 213, 217 (4th Cir. 1989).  The statute provides that

"[a]ny person who wantonly performs any act with a firearm which creates a substantial risk of death or serious bodily injury to another shall be guilty of a felony." W. Va. Code Ann. § 61-7-12. Relying on cases interpreting a similar provision of Tennessee law, because no cases interpret the West Virginia statute, Parsons argues that a "substantial" risk must be an actual risk to an identifiable person, not merely a possible risk. See, e.g., State v. Payne, 7 S.W.3d 25 (Tenn. 1999) (people must be in a "zone of danger" in which "a reasonable probability of danger existed" to constitute reckless endangerment); State v. Fox, 947 S.W.2d 865 (Tenn. Crim. App. 1996) (reversing conviction for reckless endangerment where defendant fired gun in residential area with no nearby people).

While Parsons' arguments are not patently unreasonable, the district court correctly concluded that Parsons acted recklessly because firing a rifle in a residential area is an inherently dangerous activity, magnified in this instance by Parsons' intoxication, anger, and lack of foresight. Parsons argued that shooting the car did not pose any danger to a person, but when he shot the car he hit the gasoline tank and caused a large gasoline leak. Any spark could have caused major damage to the three nearby mobile homes and serious injury to Eagle and her son, as well as to anyone in one of the nearby homes.

Parsons also claims that the district court improperly enhanced his sentenced because the felony enhancement was not admitted, found by a jury, or proven beyond a reasonable doubt, in violation of <u>Booker</u>.  In <u>Booker</u>, the Supreme Court concluded that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the judge by a preponderance of the evidence violated the Sixth Amendment.  <u>Booker</u>, 125 S. Ct. at 746, 750.

Parsons made a timely objection to the enhancement, citing <u>Blakely</u>.  Without the enhancement, Parsons would have faced a sentencing range of twelve to eighteen months.  The enhancement increased that range to twenty-one to twenty-seven months, and he received a twenty-four month sentence.  Parsons did not admit the facts used to enhance his sentence, and they were neither presented to a jury nor found to exist beyond a reasonable doubt.  "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  <u>Booker</u>, 125 S. Ct. at 756.  Parsons' sentence violated the Sixth Amendment, and we vacate the judgment of the district court and remand for resentencing.

Finally, Parsons claims that after <u>Blakely</u> and <u>Booker</u> the district court lacked statutory authority to impose a term of

supervised release.  This argument is meritless.  <u>See</u> <u>Booker</u>, 125 S. Ct. at 764-68.  Because Parsons' sentence is vacated in light of <u>Booker</u>, however, the district court may, of course, reconsider the length of the supervised release term to be imposed on resentencing.

We affirm the conviction and uphold the district court's finding that Parsons used the firearm during the felony of wanton endangerment.  We vacate the sentence and remand for resentencing consistent with <u>Booker</u>.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>VACATED AND REMANDED IN PART</u>